UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS L. WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:20-cv-00223-MMD-WGC<br><br>SCREENING ORDER |

*Pro Se* Plaintiff Thomas L. Williams, who is in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). Williams purports to be filing a class action and lists several other prisoners as plaintiffs. (ECF No. 1-1 at 1.) The matter of Williams's filing fee will be temporarily deferred.

**I.     MULTIPLE PARTIES**

Williams brought this action *pro se*. He purports to be filing a class action, and he lists himself, Eric McBroom, Brandon McGaskey, James Cornelius, and Anthony Clarke as plaintiffs. (ECF No. 1-1 at 1.) The only person who has signed the Complaint is Williams. *Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, this case cannot proceed as a class action. Furthermore, Williams may not represent any other prisoners. Because a *pro se* complaint must be signed by the plaintiff bringing that complaint, the Complaint filed in this action is valid only for Williams. *See* Fed. R. Civ. P.

11(a). If Eric McBroom, Brandon McGaskey, James Cornelius, or Anthony Clarke wishes to pursue an action in this Court, each one of them must file his own *signed* complaint in a *new* case and each one must either pay the filing fee or submit his own application to proceed *in forma pauperis*. The Court will permit Plaintiff Williams to proceed in this action but will sever from this case any actions by Eric McBroom, Brandon McGaskey, James Cornelius, and Anthony Clarke. Eric McBroom, Brandon McGaskey, James Cornelius, and Anthony Clarke each will have his own case and will be required to file a *signed* complaint that includes only allegations that relate specifically to violations of that particular plaintiff's constitutional rights. They are encouraged to review the law discussed in this order when deciding whether they can bring a successful case and when deciding what claims and what factual allegations to include in their complaints.

The Complaint filed in this case applies only to Williams. The Court now screens Williams's Complaint pursuant to 28 U.S.C. § 1915A.

**II.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails

2

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*, 70 F.3d at 1106.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

3

whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.  SCREENING OF COMPLAINT

In his Complaint, Williams sues multiple Defendants for events that allegedly have taken place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1.) Williams sues the State of Nevada,[1] Warden Baka, and Warden Russell. (*Id.* at 1–2.) Williams also appears to include the unnamed Director of Prisons as a Defendant.[2] (*Id.* at 1.) Williams seeks monetary damages and injunctive relief but has not filed a motion for a preliminary injunction. (*Id.* at 9.)

The Complaint alleges the following. The Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") protect people with disabilities, including prisoners, from discrimination on the basis of their disabilities. (*Id.* at 4.) "This means that they must take reasonable steps to give prisoners with disabilities equal access to programs, services, and benefits of the Correctional center, in this case the Carrona [sic] virus, the stay at home order, stimulus package, are programs that inmates who parole the year 2020 & or expire qualify for said programs, veterans as Plaintiff Williams, who has veterans [sic]

---

[1] The Court dismisses with prejudice all § 1983 claims against the State of Nevada, as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons subject to suit under § 1983).

[2] Plaintiff is advised that a complaint cannot be served on an unnamed defendant, and litigation will not proceed against a defendant unless the complaint is served on the defendant.

4

health care, and expires 2020." (*Id.*) Plaintiff further alleges that "Civilian inmates with Medicaid I.E. Health insurance that have a place to go are being violated by the prison when there is no way to practice social distancing with the units designs nor is the prison equipt [sic] to handle an outbreak." (*Id.*) Plaintiff alleges that this is causing mental stress, physical stress, and could cause several deaths. (*Id.*) Based on these allegations, he concludes that his First Amendment right against discrimination, his Fifth Amendment right to due process, his Sixth Amendment right to "ethical representation," his Eighth Amendment right against cruel and unusual punishment, and his Fourteenth Amendment right to equal protection are being violated. (*Id.*) Plaintiff does not explicitly state that he is including ADA or RA claims. However, given the allegations, the Court construes the Complaint as alleging that Williams's rights under the ADA and RA have been violated.

Plaintiff has lumped all of his causes of action and allegations into one paragraph. For most of the legal claims, the Court cannot tell from the Complaint what factual allegations Plaintiff is relying upon and which particular Defendant he is alleging violated a particular legal right. Williams is advised that, pursuant to Fed. R. Civ. P. 8(a), a complaint must include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir. 1981). If the factual elements of a cause of action are not organized into a short and plain statement of the particular claim, dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir.1988); *see also, Nevijel,* 651 F.2d at 674. In addition, in accordance with Rule 8, a plaintiff may not allege facts that are extraneous and not part of the factual basis for his particular constitutional claims that he includes in the complaint. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013)

(recognizing that Rule 8 can be violated when the plaintiff says too much). In order to state a claim against a named defendant, a plaintiff must allege *facts* about that defendant and identify how that defendant's conduct violated the plaintiff's *particular* constitutional right.

General, conclusory, and vague allegations are insufficient to state a claim, and a formulaic recitation of the elements of a cause of action is insufficient. *Iqbal*, 556 U.S. at 679.

Furthermore, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, Williams cannot state a claim against any Defendant merely because that Defendant was a warden or Director of Prisons. For each Defendant, Williams must allege facts sufficient to show that the particular Defendant violated his rights.

The Court now addresses each of Plaintiff's causes of action.

**A.     Eighth Amendment Claim**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates. *Farmer*, 511 U.S. at 832.

However, mere negligence is insufficient to show violations of these duties. *Id.* at 835–36. To establish violations of these duties, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's health and safety. *Id*. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Williams does not allege that he currently is sick with the virus, so the question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health," *Helling*, 509 U.S., at 35. Furthermore, prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded *unreasonably* to the risk, even if the harm ultimately is not averted. *Farmer*, 511 U.S. at 844. What is reasonable depends on the circumstances, including the defendant's authority, capabilities, and resources. *Peralta v. Dillard*, 744 F.3d 1076, 1084–85 (9th Cir. 2014) (en banc).

The Court finds that Williams fails to state a colorable Eighth Amendment claim. Millions of Americans are fearful of the coronavirus known as COVID-19, concerned that they are in conditions that limit their ability to avoid contact and socially distance from other people, and concerned about their ability to get necessary medical care if they do get sick. Undoubtedly, this includes some prisoners. However, Williams has not alleged facts that would be sufficient to show that anyone at NNCC has been diagnosed with COVID-19 or that he is particularly susceptible to being harmed by that virus. Furthermore, Williams makes only vague and conclusory allegations that the prison is not equipped to handle an outbreak; he alleges no facts. More importantly, even assuming that Williams had adequately alleged a sufficiently substantial risk to his health, he has not adequately alleged facts sufficient to show that any Defendant was deliberately indifferent to the risk of harm to his health. To the extent Williams alleges that he is incarcerated without the ability to socially distance, this is not sufficient to show that any Defendant knew of these conditions, had the authority, ability, and resources to change these conditions without endangering other prisoners at similar risk, but nevertheless unreasonably chose not to change these conditions. He does not allege facts sufficient to show that any Defendant believes there are any ways to significantly reduce the risk to Plaintiff without increasing the danger to others at similar risk, had the authority, ability, and resources to do so, but

unreasonably chose not to do so.

Therefore, the Court dismisses the Eighth Amendment claim without prejudice and with leave to amend. If Williams chooses to amend this claim, he must allege *facts* sufficient to show a substantial risk to his health and, for *each* Defendant, he must allege *facts* sufficient to show that the *particular* Defendant knew of the substantial risk to his health, had the authority, ability, and resources to change these specific conditions without endangering other prisoners, but nevertheless unreasonably chose not to do so.

**B.    Sixth Amendment Claim**

The Sixth Amendment applies to criminal prosecutions. *Cf. United States v. Hall*, 419 F.3d 980, 986 (9th Cir. 2005). Plaintiff's allegations do not involve a criminal prosecution; he already has been convicted. The Sixth Amendment therefore does not apply to Plaintiff's allegations and Plaintiff does not and cannot state a colorable Sixth Amendment claim. Accordingly, the Court dismisses the Sixth Amendment claim with prejudice, as amendment would be futile.

**C.    Due Process Claims**

Plaintiff alleges that his right to due process under the Fifth Amendment has been violated. The Fifth Amendment's Due Process Clause applies to the federal government, not the States, while the Fourteenth Amendment's Due Process Clause applies to the states. *See Castillo v. McFadden,* 399 F.3d 993, 1002 n.5 (9th Cir. 2005). Plaintiff is in a state prison, not a federal prison, and Defendants are state employees, not federal employees. Therefore, Plaintiff cannot state a colorable Fifth Amendment claim[3] and the Court dismisses the Fifth Amendment claim with prejudice.

**D.    Discrimination Claims**

Plaintiff alleges that his First Amendment right against discrimination was violated. However, it is the Fourteenth Amendment, not the First Amendment, that prohibits impermissible discrimination. The Court therefore dismisses with prejudice the First

---

[3]The Court cannot discern any basis for a Fourteenth Amendment due process claim, so it would be futile to construe the Complaint as alleging a Fourteenth Amendment due process claim.

8

Amendment claim.

Plaintiff also alleges that his Fourteenth Amendment right to equal protection was violated. In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations of motive are insufficient; specific, non-conclusory factual allegations are required. *Jeffers v. Gomez*, 267 F.3d 895, 913–14 (9th Cir. 2001).

In *Olech*, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." *Olech*, 528 U.S. at 564. The Supreme Court ruled in the affirmative and "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 601 (2008) (recognizing that an equal protection claim may be maintained in some circumstances even if the plaintiff does not allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one'").

However, although the Supreme Court has acknowledged the class-of-one theory of equal protection, it has held that the theory applies only in certain limited circumstances; it does not apply when the state actions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist*, 553 U.S. at 603 (holding that the class-of-one theory does not apply in the public employment context); *see also Towery v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012). "[A]llowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such officials are entrusted to exercise." *Engquist*, 553 U.S. at 604 (recognizing that a traffic officer does not violate the Equal Protection Clause

9

merely because the officer gives tickets to only some speeding drivers). The Supreme Court has recognized that the problem with allowing class of one claims to go forward in a context where government officials are necessarily making subjective, individualized decisions is that the government will be forced to defend a multitude of such claims and courts will be obliged to go through them in search of the rare needle in a haystack. *Engquist*, 553 U.S. at 608–09.

Thus, a person cannot state an equal protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the plaintiff did. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). The Fourteenth Amendment's Equal Protection Clause does not require that states treat all persons within their borders identically. *See McGowan v. Maryland,* 366 U.S. 420, 425 (1961) ("the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others" so long as the classification does not rest on grounds "wholly irrelevant to the achievement of the State's objective"); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013).

Furthermore, to state a class of one equal protection claim, Plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *Chappell v. Bess*, No. 2:01-CV-01979 KJN P, 2012 WL 3276984, at *19–21 (E.D. Cal. Aug. 9, 2012). "Similarly situated" persons are those "who are in all relevant respects alike." *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992).

Plaintiff does not allege that he is a member of a suspect class and appears to be relying on a "class-of-one theory." Prisoners are not a suspect class for purposes of the Equal Protection Clause. *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999). Furthermore, prisoners and non-prisoners are not similarly situated. *Parks v. Chappell*, No. C-13-4048 EMC (PR), 2014 WL 2811114, at *2 (N.D. Cal. June 20, 2014); *Levingston v. Plummer*, No. C 94-4020 VRW, 1995 WL 23945, at *1 (N.D. Cal. Jan. 9, 1995).

Moreover, although Plaintiff makes vague references to discrimination based on disability, Plaintiff has not alleged facts sufficient to show that any Defendant singled him out for treatment different from any prisoner who is similarly situated to him.

The Court therefore dismisses this claim without prejudice, and with leave to amend. If Plaintiff chooses to amend this claim, he must allege facts sufficient to show who is similarly situated to him, and, for *each* defendant, Plaintiff must allege *facts* sufficient to show that the particular defendant deliberately singled him out for different treatment from similarly situated persons and must allege that there was no rational basis for this different treatment. Vague, collective, and conclusory allegations will not be sufficient.

### E.   ADA and RA Claims

Both the American with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794 or Section 5, apply in the prison context. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010). Pursuant to the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Pursuant to the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a claim, a plaintiff must allege facts sufficient to establish four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was because of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). An individual with a disability is

defined as someone who has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1)(A).

Here, Plaintiff fails to state a colorable ADA or RA claim against any Defendant. Plaintiff has not alleged facts sufficient to show that he is disabled. He also has not alleged facts sufficient to show that any Defendant excluded him from a particular program, service or activity, and that they did so based on a disability or otherwise discriminated against him based on a disability. The Court therefore dismisses the ADA and RA claims without prejudice. If Williams chooses to amend these claims, he must allege *facts* sufficient to show that he is disabled and that a particular *defendant* excluded him from a specified program, service, or activity, denied him a benefit, or discriminated against him *because* of his disability.

## IV. LEAVE TO AMEND

Williams is granted leave to file an amended complaint to cure the deficiencies of the Complaint. If Williams chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Williams should file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." For *each* cause of action and *each* Defendant, he must allege *facts* sufficient to show that the Defendant violated Plaintiff's civil rights. Plaintiff may not amend the Complaint to add unrelated claims against other Defendants.

The Court notes that, if Williams chooses to file an amended complaint curing the deficiencies, as outlined in this order, he must file the amended complaint within 30 days from the date of entry of this order. If he does not file an amended complaint curing the

12

stated deficiencies, this action will be dismissed for failure to state a claim.

## V.     CONCLUSION

For the foregoing reasons, it is ordered that a decision on Plaintiff Thomas L. Williams's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court will file the Complaint (ECF No. 1-1) and will send Plaintiff Thomas L. Williams a courtesy copy of the Complaint.

It is further ordered that Plaintiff Thomas L. Williams will proceed as the sole Plaintiff in Case No. 3:20-cv-00223-MMD-WGC. The claims by Eric McBroom, Brandon McGaskey, James Cornelius, and Anthony Clarke are severed into separate actions for each of these plaintiffs.

It is further ordered that the Clerk of the Court must administratively open a new case for each of the following plaintiffs: Eric McBroom; Brandon McGaskey; James Cornelius; and Anthony Clarke. Only one plaintiff will be docketed in each case.

It is further ordered that the Clerk of the Court will file and docket this order and a copy of the Complaint (ECF No. 1-1) in each new case.

It is further ordered that all of Williams's § 1983 claims against the State of Nevada are dismissed with prejudice, as amendment would be futile.

It is further ordered that Williams's First Amendment, Fifth Amendment, and Sixth Amendment claims are dismissed with prejudice, as amendment would be futile.

It is further ordered Williams's Eighth Amendment claims, Fourteenth Amendment equal protection claims, and ADA and RA claims are dismissed without prejudice, with leave to amend.

It is further ordered that, if Williams chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, he must file the amended complaint within 30 days from the date of entry of this order. If Williams fails to file a timely amended complaint curing the deficiencies outlined in this order, this action will be dismissed with prejudice for failure to state a claim.

It is further ordered that, within 30 days of the date of this order, if Eric McBroom,

Brandon McGaskey, James Cornelius, or Anthony Clarke wishes to pursue cases with this Court, they must file a signed amended complaint. Each of these plaintiffs must place his own assigned case number on his amended complaint. The plaintiff should file the amended complaint on this Court's approved prisoner civil rights form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. If any of these plaintiffs fails to file a signed amended complaint within 30 days of this order, that plaintiff's case will be dismissed without prejudice to that plaintiff later filing a new action with a new complaint.

It is further ordered that, within 30 days of the date of this order, Eric McBroom, Brandon McGaskey, James Cornelius, and Anthony Clarke are each required to either pay the filing fee or file a complete application to proceed *in forma pauperis*, including both an inmate account statement for the past six months and a properly executed financial certificate. If any of these plaintiffs fails to either pay the complete filing fee or file a complete application to proceed *in forma pauperis*, including the required financial attachments, within 30 days of the date of this order, the action by that plaintiff will be dismissed without prejudice to that plaintiff later filing an action in a new case with a new complaint and either paying the filing fee or filing a complete application to proceed *in forma pauperis* with the required financial documents.

It is further ordered that the Clerk of the Court will send Eric McBroom, Brandon McGaskey, James Cornelius, and Anthony Clarke each an advisory letter with the particular plaintiff's new case name and number, a copy of the complaint, a copy of this order, the approved form for filing a § 1983 complaint with instructions, and the approved form application to proceed *in forma pauperis* by a prisoner with instructions.

DATED THIS 15th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE